IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ELOISE STANLEY for A.L.M., a minor,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CV 317-021 |
| ) | |
| NANCY A. BERRYHILL, Acting   ) | |
| Commissioner of Social Security   ) | |
| Administration,   ) | |
| ) | |
| Defendant.   ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Eloise Stanley, on behalf of A.L.M., appeals the decision of the Acting Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

On September 13, 2013, Plaintiff applied for SSI on behalf of Claimant, alleging disability from bipolar disorder and attention deficit hyperactivity disorder, with a stated onset date of July 1, 2010. Tr. ("R."), pp. 22, 157, 183. At the time of the application under review,

Claimant was nine years old, and she was twelve years old at the time the Administrative Law Judge ("ALJ") issued the opinion under consideration. R. 35, 157. The Social Security Administration denied Claimant's application initially and on reconsideration. R. 80, 94, 106-09. Plaintiff requested a hearing before the ALJ, R. 110-15, and the ALJ held a hearing on July 26, 2016. R. 41-68. At the hearing, the ALJ heard testimony from Plaintiff and Claimant, who appeared with an attorney. Id. On August 15, 2016, the ALJ issued an unfavorable decision. R. 19-40.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 13, 2013, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq*.).

2. The claimant has the following severe impairments: attention deficit hyperactive disorder (ADHD), bipolar disorder with psychotic features, oppositional defiant disorder, and intermittent explosive disorder. (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)). Thus, the claimant has not been disabled, as defined by the Social Security Act, since September 13, 2013, the date the application was filed. (20 C.F.R. § 416.924(a)).

R. 25-35.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to consider the nature and extent of Claimant's special education and placement when determining Claimant had a marked impairment in the single domain of interacting and relating with others, and (2) the AC erred in refusing to remand the case to the ALJ based on counsel's submission of additional items of school and medical evidence. See doc. no. 15-1 ("Pl.'s Br."); doc. no. 18 ("Pl.'s Reply").  The Commissioner maintains the administrative decision is supported by substantial evidence, and the AC properly addressed Plaintiff's additional evidence.  See doc. no. 17 ("Comm'r's Br.").  As explained below, the Court agrees with Plaintiff that remand is necessary to consider additional evidence concerning Claimant's school performance and mental health.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is

"more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The Three-Step Sequential Process to Evaluate Disability in Children

A three-step sequential process is used to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the claimant is engaging in substantial gainful activity; if so, the claim is denied. Id. § 416.924(b). At the second step, the Commissioner must determine whether the claimant has a severe impairment or combination of impairments; if the claimant does not have any severe

4

impairments, the claim is denied. Id. § 416.924(c). At the third and final step, the Commissioner must determine whether the claimant's impairments meet, medically equal, or functionally equal the Listings. Id. § 416.924(d). If the claimant does not have an impairment that meets, medically equals, or functionally equals the Listings, he will not be found disabled. Id. § 416.924(d)(2).

"A child's limitations 'meet' the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Shinn *ex rel*. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1279 (11th Cir. 2004). In order to show that her impairment meets a Listing, a claimant needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "Limitations 'medically equal' the limitations in the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Shinn, 391 F.3d at 1279. The claimant bears the burden of presenting specific medical findings to show she meets or equals a Listing. Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In determining whether an impairment or combination of impairments "functionally equals the severity" of a listed impairment, the ALJ must consider six major domains of life, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. Parks *ex rel*. D.P. v. Comm'r, Soc. Sec. Admin., 783 F.3d 847, 851 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.926a(a), (b)(1), (d)). The claimant has the burden of proof to show that she has an "extreme" limitation in one domain, or "marked" limitations in two domains. Id. A marked limitation is one that

"interferes seriously" with a child's ability to independently initiate, sustain or complete activities and "also means a limitation that is 'more than moderate' but 'less than extreme.'" Id. An extreme limitation is one that "interferes very seriously" with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). However, a rating of extreme is reserved for only the "worst limitations," although this "does not necessarily mean a total lack or loss of ability to function." Id.

### B. The ALJ Was Not Required to Use the Words "Special Education" in His Decision.

The Court is not persuaded by Plaintiff's allegation of a "global problem" with the ALJ's decision because he "never acknowledges" Claimant was receiving special education services. Pl.'s Br., p. 17. The law is well-settled an ALJ is not required to refer specifically to every piece of evidence in his decision. See Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014); Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). The record reveals the ALJ was clearly aware of Claimant's special education services, as the issue came up at multiple points during the July 26, 2016 administrative hearing. See R. 46-47, 59, 66, 67. Moreover, Plaintiff concedes, as she must, the ALJ reviewed and cited numerous pieces of evidence containing information about Claimant's placement in special education classes. Pl.'s Br., p. 18 (referencing R. 28 (citing Ex. 8F, 2014 psychological evaluation recognizing receipt of special education services; Ex. 10E, teacher questionnaire containing information about Claimant's placement in a self-contained classroom and information used to formulate Individualized Education Program).)

Nor is the Court persuaded that Claimant's participation in special education classes should have *required* the ALJ to conclude Claimant had a marked limitation in acquiring and using information. Pl.'s Br., pp. 18-19. The domain of acquiring and using information considers how well a child acquires or learns information and how well he uses the information he has learned. See 20 C.F.R. § 416.926a(g). Social Security Ruling 09-3p acknowledges poor or inconsistent academic performance are among the more obvious indicators of a limitation in the domain of acquiring and using information, and it also acknowledges special education services or placement in a self-contained classroom may indicate an interference with acquiring and using information. SSR 09-3p, 2009 WL 396025, at *3 (S.S.A. Feb. 17, 2009). Although the ruling goes on to explain all of this information is helpful in assessing the severity of a potential interference in this domain, it does not say participation in special education or placement in a self-contained classroom is *determinative* of a limitation. Id.

In sum, the first allegation of error forms no basis for remand.

**C.     The Case Should Be Remanded Because the AC Erroneously Failed to Consider New Evidence.**

After the ALJ issued his unfavorable decision on August 15, 2016, Plaintiff's counsel submitted new evidence concerning Claimant's school performance and mental health, some of which the AC did not consider when determining whether to change the ALJ's decision because "this new information is about a later time." R. 2. These new records were from Saint Simons by the Sea (September 15-19, 2016, R. 718-24, 791-804); the Heartland Academy

7

(December 9, 2015 or August 26, 2016 through December 8, 2016, R. 725-57)[1]; Coastal Harbor Health System (February 20, 2017, R. 758-60); Lake Bridge Behavioral Health (January 6-9, 2017, R. 761-75); and Coastal Harbor Treatment Center (August 26, 2016, R. 776-90). The AC did, however, consider the newly submitted medical records of Dr. Louis Barton, dated February 24, 2016 through December 16, 2016. Ex. 12F, R. 693-717. Nonetheless, the AC concluded Dr. Barton's records did not provide a basis for changing the ALJ's decision. R. 2, 5.

Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). Moreover, "[w]ith a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including when asking the AC to review the ALJ's decision. Id. at 1261. Although the AC may exercise its discretion not to review the ALJ's decision, the AC "must consider new, material, and chronologically relevant evidence" submitted by a claimant. Id.; see also 20 C.F.R. §§ 404.970; 416.1470. New evidence is material if it is relevant and probative such that "there is a reasonable possibility" of changing the administrative result. Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1321 (11th Cir. 2015) (quoting Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)); see also Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). Evidence post-dating the ALJ's decision may be chronologically relevant. Washington, 806 F.3d at 1323-24. When the AC denies review after refusing to consider new evidence, that decision is subject to judicial review. Id. at 1320.

---

[1] The Court has concerns about the content of the administrative record because the Court Transcript Index states these records cover December 9, 2015 through December 8, 2016, (doc. no. 10-1, p.1), but the AC's letter denying review says it looked at Heartland records covering only August 26, 2016 through December 8, 2016. R. 2. The discrepancy is particularly relevant in considering the argument of chronological relevance, as December 9, 2015 clearly predates the ALJ's August 15, 2016 decision. R. 19, 35.

"[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id. at 1321.

The additional evidence at issue here must be viewed in light of the findings relied upon by the ALJ to determine Plaintiff was not disabled as to three of the six domains explicitly or implicitly challenged in these proceedings: acquiring and using information, attending and completing tasks, and interacting and relating with others.[2] As to these three domains, the ALJ gave great weight to the opinion of the state agency medical consultant who reviewed available records as of the date of her review (December 13, 2013 and April 17, 2014) and adopted the conclusion Claimant had less than marked limitation in acquiring and using information, as well as attending and completing tasks, and a marked limitation in interacting and relating with others. R. 29 (citing Exs. 1A, 3A), 30, 32. In determining Claimant had a less than marked limitation in acquiring and using information, the ALJ also noted Claimant scored in the low-average to average range of her intellectual tests and showed an advanced level of ability based on her ability to perform complex tasks such as playing music. R. 31. Additionally, the ALJ relied on "excellent marks in classes such as mathematics, music, and science" in determining Claimant had less than marked limitation in attending and completing tasks.[3] R. 32. Claimant's difficulty in controlling impulses and pattern of disruptive behavior with the use of profane

---

[2]The Commissioner agrees Plaintiff challenges the ALJ's finding regarding the domain of acquiring and using information, as well as the domain of attending and completing tasks. Comm'r's Br., p. 6. The Court concludes Plaintiff is also challenging the ALJ's finding of (only) a marked limitation in the domain of interacting and relating with others based on her argument that in making that finding, the ALJ failed to mention Claimant's "behavior was so problematic that she required the extreme special education intervention of a self-contained classroom." Pl.'s Br., p. 19.

[3]Citing hearing testimony, the ALJ also concluded Claimant had less than marked limitation in attending and completing tasks because she was given chores. R. 32. However, the hearing testimony reveals although Claimant is assigned chores, she does not complete them. R. 51.

9

language and obscene gestures were used to support a finding of a marked limitation in interacting and relating with others.  R. 32-33 (citing Exs. 16E, 17E).

The additional evidence the AC refused to consider when evaluating the ALJ's decision is new and material.  The additional records show that within three months of the ALJ's decision, Claimant's "extremely disruptive, defiant, and noncompliant behaviors" continued, even with placement in the Heartland Academy GNETS (Georgia Network for Educational Therapeutic Support).  R. 745.  Placement in the Heartland Academy was requested August 26, 2016, the same date Claimant received treatment at Coastal Harbor Treatment Center.  R. 776-790.  Updated mental health records from Dr. Barton also showed that in contrast to the ALJ's findings of a "calm, cooperative . . . and friendly" Claimant, on August 26, 2016 – approximately ten days after the ALJ's decision – Claimant was seen on an emergency basis after threatening to stab classmates, and doctor notes indicate a concern for Claimant's safety.  R. 706.  On September 15, 2016, Claimant was involuntarily hospitalized for approximately four days at Saint Simons by the Sea for hearing voices and violent outbursts.  R. 703-04, 718-24.  The records from Lakebridge Behavior dated January 5, 2017 show continuing aggression and outbursts toward peers.  R. 765.  The pattern of mental health issues requiring hospitalization continued with an admission to Coastal Harbor in February of 2017.  R. 758-60.  Thus, the disruptive behavior, violence, and mental health issues continued to manifest after the ALJ's decision, as it had prior.

The Commissioner focuses her argument on Dr. Barton's notes that were considered to contend there would likely be no change to the administrative result.  Comm'r's Br., pp. 12-13.  However, when considered in combination with the other new evidence that was not considered, the Court concludes the notes of Dr. Barton may take on new significance.  To qualify for

disability benefits, Claimant needs two marked limitations across six domains. Parks, 783 F.3d at 851. The decision under review, without consideration of the new evidence that was not evaluated against the ALJ's decision, determined Claimant had one of those two required marked limitations. The additional records shed light on multiple issues considered by the ALJ in determining Claimant's limitations in more than one domain, making it a reasonable possibility that the administrative result may change.

A mere statement by the Commissioner that the new evidence would not ultimately change the disability determination will not suffice because the entirety of the record evidence must be weighed in the first instance at the administrative level. See Caulder v. Bowen, 791 F.2d 872, 877-78 (11th Cir. 1986); see also Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Rather, the additional evidence must be evaluated at the administrative level and weighed against the totality of the record evidence.

Thus, the Court turns to chronological relevance.[4] The Eleventh Circuit has made clear that chronological date alone is not dispositive. Washington, 806 F.3d at 1322. Similar to Washington, there is no assertion or evidence that Claimant's behavioral and mental health problems suddenly worsened in the period following the ALJ's decision. As discussed above,

---

[4]The Commissioner limited her argument on the new, unreviewed evidence to chronological relevance. Comm'r's Br., pp. 11-12.

the pattern of behavioral and mental health issues continued.  Also, information from Heartland Academy also shows academic testing for 2014, well prior to the ALJ's decision, found Claimant did not meet expectations in statewide testing for Math, Science, and Social Studies and was functioning on a fourth grade math level when she was in middle school in 2016.  R. 729.  She was also reading at a third grade level.  R. 730.  These records thus display a review of Claimant's condition prior to the date of the ALJ's decision.  See Hunter v. Soc. Sec. Admin., Comm'r, 705 F. App'x 936, 939-42 (11th Cir. 2017) (*per curiam*); Cash v. Comm'r of Soc. Sec., No. 4:16-cv-01635, 2018 WL 1463695 (N.D. Ala. Mar. 23, 2018).

Claimant did not suddenly have a new condition requiring placement at the Heartland Academy, or multiple hospitalizations for mental health treatment recorded in the new evidence.  Rather, the new evidence recounts placement and treatment based on consideration of a history of behavioral problems, mental health issues, and school performance predating the ALJ's decision.  Cf. Hargress v. Soc. Sec. Admin. Comm'r, 883 F.3d 1302, 1309-10 (11th Cir. 2018) (*per curiam*) (rejecting argument of chronological relevance where "nothing in these new medical records indicates the doctors considered Hargress's past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from Washington"); see also note 1, *supra*, concerning date discrepancy on Heartland Academy records.  Accordingly, the Court finds the additional evidence is chronologically relevant.

The Court in no way suggests that consideration of this additional evidence requires a finding of disability.  As discussed above, the ALJ relied on a characterization of Claimant as a mentally stable, successful student in making the disability determination, a characterization called into question, at least in some measure, in the additional evidence detailing placement in

the Heartland Academy and mental health treatment, including emergency hospitalization, after threatening to harm herself and others. Because the additional evidence not considered by the AC raises significant questions about the bases upon which the ALJ evaluated Claimant's limitations in multiple domains, the AC erred in refusing to consider it in evaluating the ALJ's decision simply because it concerned "a later time," particularly when considered in combination with Dr. Barton's newly submitted records that the AC did evaluate. Therefore, this case should be remanded for further proceedings.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 19th day of April, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA